UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BRYAN LAMAR GRESHAM,** § | | |
| **TDCJ No. 02197084,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. SA-25-CA-0019-JKP | |
| § | | |
| **ERIC GUERRERO, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Bryan Lamar Gresham's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Supplemental Brief in Support (ECF No. 2), Respondent Eric Guerrero's Answer (ECF No. 18), and Petitioner's Reply (ECF No. 21) thereto. Petitioner challenges the constitutionality of his 2018 state court conviction for aggravated assault with a deadly weapon, arguing, among other things, that he is actually innocent of the charged offense and that his counsel was ineffective. In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. **Background**

In May 2018, Petitioner pled no contest in Bexar County to one count of aggravated assault with a deadly weapon and was sentenced to fourteen years of imprisonment. *State v. Gresham*, No. 2016CR11156 (175th Dist. Ct., Bexar Cnty., Tex. May 4, 2018).[1] Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense and waived his right to appeal.[2] As a result, Petitioner did not appeal his conviction and sentence.

Instead, Petitioner challenged the constitutionality of the conviction by filing an application for state habeas corpus relief on November 16, 2018, at the earliest.[3] *Ex parte Gresham*, No. 89,623-01 (Tex. Crim. App.).[4] The Texas Court of Criminal Appeals denied this application without written order on April 24, 2019.[5] Petitioner later filed a second state habeas application challenging his aggravated assault conviction on June 12, 2023, which the Texas Court of Criminal Appeals also denied without written order on October 9, 2024. *Ex parte Gresham*, No. 89,623-03 (Tex. Crim. App.).[6]

Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on December 21, 2024.[7] In the § 2254 petition and supplemental brief in support, Petitioner argues: (1) he is actually innocent of the charged offense to which he pled no contest, (2) he

---

[1] ECF No. 19-2 at 1-10 (Plea Agreement), 18-19 (Judgment).

[2] *Id*. at 5.

[3] Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[4] ECF No. 19-1 at 4-20 (Application).

[5] ECF No. 19-3 (Notice).

[6] ECF Nos. 19-10 at 5-23 (Application); 19-12 (Notice).

[7] ECF No. 1 at 15.

2

received ineffective assistance from his trial counsel, (3) the State failed to disclose material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (4) his plea was involuntary because he was not sufficiently aware of certain circumstances regarding his case.

## II. Analysis

Respondent contends the allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final on Monday, June 4, 2018, when the time for appealing the judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[8] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on June 4, 2019. Because Petitioner did not file his § 2254 petition until December 21, 2024—over five-and-a-half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

---

[8] Because the thirty-day window to file an appeal expired on a Sunday, the limitations period did not begin until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

A.   **Statutory Tolling**

1.   § 2244(d)(1)

Petitioner argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitations period may begin on a date other than the date the judgment became final if one of the following is shown: (1) an impediment created by State action that violated the Constitution or federal law which prevented Petitioner from filing a timely petition, (2) a newly recognized constitutional right upon which the petition is based, or (3) the factual predicate of a claim or claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner does not satisfy any of these provisions.

Petitioner argues that he could not have discovered the factual predicate of his ineffective-assistance allegations (Claim 2) and *Brady* allegations (Claim 3) until after the record was developed during his second state habeas corpus proceeding. According to Petitioner, the State withheld a report generated by the San Antonio Police Department that analyzed sexual assaults and robberies occurring in hotels and motels in the area from the past two years which offered a "vast pool of alternative suspects."[9] The report, entitled "Strategic Intelligence and Analysis Serial Rapes Update" (SIA Report), was released in February 2016 but allegedly not made available to Petitioner until January 2024. Petitioner also contends that his trial attorney, Robert Barrera, withheld knowledge pertaining to the SIA Report and an alternative suspect that was found through DNA testing. For these reasons, Petitioner argues that he could not have discovered the factual predicate of his claims until May 21, 2024, the date counsel testified at the state habeas evidentiary hearing.[10]

---

[9]   ECF Nos. 1 at 13; 2 at 8, 17; 21 at 4.

[10]   ECF Nos. 2 at 4-5; 21 at 6.

Petitioner's assertions that the factual predicate of his claims could not have been discovered until January or May 2024 are a bit perplexing given that Petitioner raised each of the underlying allegations in his second state habeas application that was filed in June 2023. Nevertheless, the record contradicts Petitioner's assertions and indicates that Mr. Barrera discussed both the SIA Report and the potential alternative suspect with Petitioner prior to his pleading guilty in May 2018. In an affidavit submitted to the state habeas court, Mr. Barrera explained his discussion of the SIA Report with Petitioner:

> My representations and disclosures to [Petitioner] included all the evidence in the primary case as well as the cases which were taken into consideration. As a specific document, I do not recall the actual document he identified as "SIA Serial Rape Updates." If it was contained in the discovery file however, I would have discussed it with him. The record shows that it was disclosed. The pattern reflected therein is similar to the allegations against [Petitioner] so I would have certainly discussed that issue with him in light of the pending cases. I do know that this document, as well as the totality of the evidence in the primary case and the pending cases, all supported a similar if not identical "MO" of the allegations made in the primary case as to [Petitioner] allegedly representing himself as a peace officer who would, in exchange for sexual favors, not arrest the "victim." The 2016CR11755 case with Heidi Merkel and the 2018CR4391 case with Samantha Schmidt were similar enough that I believed that they both might have been admissible under 404b as evidence of plan or identity. There were notes and I believe a recording that [Petitioner] even admitted to the officer that he had previously been falsely accused of the same "MO" by another woman in another case, several years earlier.

(ECF No. 19-11 at 3). Counsel also noted that he discussed a potential "alternative suspect" with Petitioner:

> I would state that I was aware of the "Alternative Suspect" as referenced by [Petitioner] as a basis of his claim of lack of a "knowing" plea. The evidence clearly supports that I acknowledged physical receipt of same on the day the plea was actually entered. My recollection of the case however is that the prosecutor had told me of the existence of those records prior to the date of delivery on the 4th of May, 2018. My recollection is that they were delivered as we sat in court in preparation for trial or plea negotiations. I discussed that issue with [Petitioner] in the presence of Robert Arellano, co-counsel for [Petitioner]. Mr. Arellano was present for all conversations related to plea agreements in this case. [Petitioner] was fully aware of the CODIS hit on Tyrone Baker at the time of his plea. In regard to the communications in Ms. Durham's email of March 16th, 2023, I did

5

not have immediate access to the records so my representation of "no immediate recollection of the dates" refers to the actual date of disclosure of the CODIS hit on Banks.  I explained to [Petitioner] that the evidence clearly showed that the Complainant in this case had been using the motel room for numerous "dates" with numerous persons.  There were multiple empty condom wrappers and two (2) actual condoms found in the room.  Additionally, there was an open and empty "Trojan Bareskin" condom box found in the trashcan further evidencing the potential for numerous persons to have been in that room with the Complainant. [Petitioner] acknowledges that he knew that he was "excluded" by the DNA actually identified.  What we discussed is that despite there being a match to another person, Tyrone Banks, that evidence did not exclude [Petitioner] as the perpetrator of this offense and only confirmed that Banks had been one of the Complainant's "dates."  Nor did the CODIS hit surmount the positive photo identification of [Petitioner] made by the Complainant as the assault perpetrator.  In addition to this positive photo identification, [Petitioner] made admissions placing him at the scene, his cell phone texts contained communications with the Complainant and his GPS coordinates placed him in the area.  The Complainant's description of the events surrounding her assault were similar to the other assault cases then pending.  These other complainants and cases were totally unrelated but the MO was very similar.  We discussed the possibility that under Tx. Rule of Evid. 404b, the other pending cases would likely be admitted against him in trial to show "plan and identity."

*Id*. at 1-2.

Counsel reiterated the above statements at the state habeas evidentiary hearing held in May 2024.[11]  The state habeas trial court found trial counsel's affidavit and testimony to be truthful and credible and concluded that Petitioner failed to prove that information had been improperly withheld from him.[12]  These findings and conclusions were adopted by the Texas Court of Criminal Appeals when it ultimately denied Petitioner's state habeas application.[13]

The above determinations by the state court, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir.

---

[11]   ECF No. 19-11 at 16-22, 32-37 (reaffirming that counsel discussed both the SIA Report and the potential alternative suspect, Tyrone Baker, with Petitioner prior to his plea agreement).

[12]   *Id*. at 164.

[13]   ECF No. 19-12.

2013). The Court finds no support in the record for Petitioner's contention that material facts or evidence were withheld from him by either his counsel or the State. He therefore has not shown the existence of a state-created impediment that prevented the timely filing of the instant federal petition or that he could not have discovered the factual predicate of his claims at an earlier date through the exercise of due diligence. For these reasons, the Court finds § 2244(d)(1)(B)-(D) inapplicable.[14]

    2.    <u>§ 2244(d)(2)</u>

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner challenged the constitutionality of his state court conviction and sentence by filing his first state habeas application on November 16, 2018, which was eventually denied by the Texas Court of Criminal Appeals on April 24, 2019. Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 160 days, making his federal petition due November 11, 2019.

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for his first state habeas application, the second application he later filed challenging the underlying aggravated assault conviction does not afford him the same courtesy. This second state habeas application was not filed until June 12, 2023, well after the time for filing a federal petition under § 2244(d)(1) had already lapsed. As a result, the second application does not toll the one-year

---

[14]     Petitioner does not argue that the petition is based on a newly recognized constitutional right. 28 U.S.C. § 2244(d)(1)(C).

limitations period for any of Petitioner's claims. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner's limitations period for filing a federal petition challenging his conviction and sentence therefore still expired November 11, 2019. Again, Petitioner did not file the instant § 2254 petition until December 21, 2024, well after the limitations period expired under either § 2244(d)(1)(A).

**B.      Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner does not argue that he is entitled to equitable tolling in either his § 2254 petition, supplement brief in support, or reply brief. Even with the benefit of liberal construction, Petitioner has provided no justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner waited over four years after the denial of his first state habeas application before filing his second state habeas application raising the claims contained in the instant § 2254 petition. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Further, Petitioner fails to provide any legitimate reason why he waited over two months after the Texas Court of Criminal Appeals denied his second state habeas application in October 2024 before filing the instant federal petition.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

C.    **Actual Innocence**

Finally, Petitioner argues that his untimeliness should be excused because of the actual-innocence exception.[15] In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, a petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the

---

[15]    ECF Nos. 1 at 5, 13; 2 at 9-14; 21 at 7-9.

district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. As evidence of his innocence, Petitioner cites the fact that he was excluded as a contributor of DNA found at the scene of the crime and that another individual, Tyrone Baker, was found to be a match.[16] However, such an argument does not constitute "*new* reliable evidence" that was unavailable at the time of his guilty plea. Indeed, as mentioned previously, counsel discussed the DNA evidence and potential "alternative suspect" with Petitioner prior to his guilty plea. Nor does such evidence establish Petitioner's innocence of the underlying offense of aggravated assault. As discussed by Petitioner's trial counsel during his state habeas proceedings, the DNA evidence does not exclude Petitioner as the person who assaulted the victim with a deadly weapon. Rather, it only confirmed that Baker was one of numerous "dates" the victim had in the hotel room that day. The DNA evidence also did not surmount other evidence pointing to Petitioner as the perpetrator, including the victim's positive photo identification, Petitioner's admissions and GPS coordinates placing him at the scene, and cell phone texts containing communications with the victim.

Petitioner also argues that the following circumstances support his claim of innocence: (1) the victim's photo identification was unreliable, (2) the SIA Report established a "vast pool" of alternative suspects, including gang members, and (3) the victim's friend contradicted the victim's account.[17] But such conclusory assertions, without any evidentiary support, do not constitute "*new* reliable evidence" establishing Petitioner's innocence. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("[A]bsent evidence in the record," a court cannot "consider a

---

16   ECF No. 2 at 9-14.

17   ECF Nos. 2 at 9-14; 21 at 7.

10

habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.") (citation omitted); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Even if they were supported by the record, such allegations do little, if anything, to establish Petitioner's innocence of the crime, much less constitute the strong evidence necessary under *Schlup*'s demanding standard.

In sum, Petitioner has not produced any "new reliable evidence" demonstrating his factual innocence of aggravated assault or that his plea of guilty to the charge was involuntary. Petitioner's arguments, which were already rejected by the state court during Petitioner's state habeas proceedings, do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will not be excused under the actual-innocence exception established in *McQuiggin*.[18]

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The

---

[18] To the extent Petitioner also raises a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993), this claim still would not provide a cognizable basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). The Fifth Circuit does not recognize freestanding claims of actual innocence on federal habeas review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *see also Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by over five years and provided no valid justification for the application of tolling. For these reasons, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Bryan Lamar Gresham's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 3rd day of June, 2025.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**